UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| LEROY JONES, | | **DECISION** |
| | Plaintiff, | **and** |
| v. | | **ORDER** |
| VICTOR HERBERT, J.F. WILSON, | | **02-CV-847F** |
| RANDY JAMES, CAPTAIN CONWAY, | | (Consent) |
| J. MILLER and C.O. T. GEBLER, | | |
| | Defendants. | |

_____

This Section 1983 action alleging Defendant's use of excessive force against Plaintiff, and deliberate indifference to Plaintiff's safety and medical needs, was referred to the undersigned by Order of Hon. John T. Elfvin dated November 2, 2004 for supervision of discovery and to hear and determine non-dispositive matters.  However, the parties have consented to proceed before the undersigned.  It is presently before the court on Plaintiff's motion to compel, filed May 26, 2005, along with the Affidavit of Leroy Jones in Support ("Affidavit of Leroy Jones") and a Brief in Support of Plaintiff's Motion to Compel (Doc. No. 47).

On September 29, 2005, Defendants filed the Declaration of Ann C. Williams, Assistant Attorney General, dated September 28, 2005, together with exhibits A, B and C ("Williams Declaration") ("Exh(s). __").  On November 28, 2005, Plaintiff filed his reply to Defendants' opposition papers (Doc. No. 54) ("Plaintiff's Reply").

In accordance with the court's direction, filed November 29, 2005 (Doc. No. 55), on December 8, 2005, Defendants filed the Supplemental Declaration of Ann C. Williams, Assistant Attorney General (Doc. No. 56), attaching Exhibits A - E ("Williams Supplemental Declaration") ("Exhibits ____ to Williams Supplemental Declaration").

In this motion, Plaintiff asserts that Defendants failed to timely respond to Plaintiff's First, Second and Third Set of Interrogatories.  Jones Affidavit ¶ 4.  Plaintiff therefore contends that Defendants' objections asserted in Defendants' belated responses were waived.  Id. ¶ 7.  The court's review of the papers indicates the remaining issues in dispute are based on Plaintiff's insistence that Defendants failed to respond to Plaintiff's Second Set of Interrogatories requesting information as to Defendants' history of being accused of excessive force by inmates and the number of Code 49 grievances involving excessive force complaints by inmates against "all uniformed personnel" for the five years preceding the filing of Plaintiff's complaint.  Plaintiff's Reply ¶ ¶ 3-4.  Plaintiff also maintains that Plaintiff's request for documents describing the route from the A-Block to the SHU at Plaintiff's facility have not been honored by Defendants.  Plaintiff's Reply ¶ 4.

First, Defendants have demonstrated that all of Plaintiff's requests were timely answered.  Williams Declaration ¶ ¶ 6, 12, 17.  A careful reading of Plaintiff's Reply indicates Plaintiff has not denied Defendants averments that Defendants' responses were timely.  Accordingly, the court finds Plaintiff has abandoned his position that Defendants' discovery responses, at issue, were untimely and that Defendants therefor had waived their objections to Plaintiff's discovery requests.

Turning to the three issues remaining on Plaintiff's motion, the court finds Defendants' responses are satisfactory and sufficient.  As to Plaintiff's request, Interrogatory No. 4, Exhibit 4 to Williams Supplemental Declaration at 3, for information

2

regarding Defendants' history of excessive force complaints, Defendants Conway, Gebler, James, and Miller all answer that no such history exists.  *Id.*  In response to Plaintiff's request for grievance records pertaining to excessive force complaints against Defendants Wilson, Muller and Gebler, Defendants objected that the request was open-ended and therefore could not be responded to and referred Plaintiff to another answer specifically referencing Grievance No. A - 44101-02.  Exhibit A to Williams Supplementary Declaration at 7.  Further, Defendants responded to Plaintiff's Interrogatory Nos. 11 and 12, requesting the total number of grievances under Code 49 against prison personnel for the past five years and the number of such grievances that were sustained, respectively.  *Id.* at 8-9.  In particular, Defendants stated that since January 1, 1999, 929 grievances responsive to Plaintiff's Interrogatory No. 11 were filed, however, the records of the grievances are not maintained by the name of specific employees.  *Id.* at 8.  As the Plaintiff's request for the number of such grievances sustained against uniformed personnel, Defendants referred to their answer to Plaintiff's Interrogatory No. 11.  *Id.*  Thus, the court finds that Defendants have fully responded to Plaintiff's Interrogatories Nos. 4, 11 and 12.  Plaintiff nevertheless argues that Defendants have failed to provide responses to Interrogatories Nos. 11 and 12 for the prior five year period.  Plaintiff's Reply ¶ 4.

Defendants specifically counter Plaintiff's contention by pointing to the New York State Department of Correctional Services Document Retention Policy which requires destruction of records within the scope of Plaintiff's Interrogatories 11 and 12 which are

older than four years plus the current year.  Thus, when Plaintiff served, on September 22, 2003, his Second Set of Interrogatories, containing the interrogatories at issue, Williams Declaration ¶ 8, Defendants' access to the grievance records, potentially responsive to Plaintiff's requests, was limited to calendar years 2003 (up to September 22, 2003) 2002, 2001, 2000, and 1999.  Therefore, Defendants' answer to Interrogatory No. 11 that "since January 1, 1999, 929 Code 49 grievances were filed against uniformed personnel" was the only factual response Defendants could provide based on available records.  It is therefore not feasible for Defendants to provide information for any period prior to 1999 because such data does not exist.  Plaintiff, other than to assert without support that Defendants "didn't give up all discovery in good faith," Plaintiff's Reply ¶ 4, does not provide any credible reason to disbelieve Defendants' response.  If requested information not available, the answer may so state. FEDERAL CIVIL RULES HANDBOOK, Baicker-McKee, Janssen, Corr (Thomson-West 2006) at 692. *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa. 1996) (answer should state extent of efforts to obtain requested information).  Here, Defendants have investigated Plaintiff's request and explained satisfactorily why they cannot comply further.

Finally, Plaintiff continues to complain that his request for documents describing the "way A-Block to SHU," remains unsatisfied.  Plaintiff's Reply ¶ 4.  Defendants answered Plaintiff's Interrogatory 8 stating that Defendants had requested such documents and that it would be provided.  Williams Supplemental Declaration ¶ 17.

However, Defendants have now provided such document, a diagram, which provides Plaintiff with the requested information. Exhibit D to Williams Supplemental Declaration. Accordingly, Plaintiff's motion directed to Interrogatory No. 8 is moot.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 47) is DENIED in part, and DISMISSED in part as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2006
      Buffalo, New York