-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEROY JONES,

                    Plaintiff,

          v.                                              **ORDER**[1]
                                                          02-CV-0847F
VICTOR HERBERT, et al.,

                    Defendants.

_____

          Plaintiff's court-appointed counsel, Stephen C. Halpern, has forwarded to the Court

a letter, dated April 9, 2008, outlining the issues that still remain regarding service of the

summons and amended complaint on defendants Glenn Goord, former Commissioner of

New York State Department of Correctional Services, Carol Kunes, R.N., Attica

Correctional Facility, Michael McGinnis, Superintendent, Southport Correctional Facility,

and Calvin West, former Superintendent, Elmira Correctional Facility, who, along with

others, were added as defendants in the amended complaint.  Plaintiff's counsel seeks the

Court's assistance with completing service and an additional extension of time to serve

these four defendants.

          On November 26, 2007, the Court entered an Order granting plaintiff an additional

120 days to serve the summons and amended complaint on Goord, Kunes, McGinnis and

West.  (Docket No. 82).[2]  On November 27, 2007, the Court entered another order directing

_____

          [1]The parties have consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all
further proceedings in this matter, including entry of final judgment.  (Docket No. 50).

          [2]On August 1, 2007, the Court had granted plaintiff an additional 120 days to effect service on Goord,
Kunes, McGinnis and West and directed the Marshals Service to effect service on these four defendants.
(Docket No. 78).  On October 19, 2007, the Marshal Service Forms for these four defendants were returned
and filed as "Unexecuted" with a notation "Return No Service–No response received from deft."  (Docket

the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (1997) (per curiam), to provide the Court with addresses for Goord, Kunes, McGinnis and West, which the Marshals Service could then use to serve the summonses and amended complaints on these four defendants.  (Docket No. 83).[3]

Plaintiff has been granted permission to proceed *in forma pauperis*.  Once a plaintiff is granted permission to proceed *in forma pauperis* and provides information necessary to serve the defendants, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court.  *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *Rivera v. Pataki*, No. 04 Civ. 1286 (MBM), 2005 WL 407710, at *15 (S.D.N.Y., Feb. 7, 2005).  While summonses have been issued in the past for Goord, Kunes, McGinnis and West, the Court is aware that defendants Goord and West are retired, but it is not aware of the current employment status of Kunes and assumes that McGinnis is currently the Superintendent at Southport.[4].  Additionally, the Court is aware that it is a "policy" of the New York State Department of Correctional Services ("DOCS") not to inform inmates or former inmates of a current address for former or retired employees and that without such information plaintiff's counsel and the Marshals Service may be stymied in their efforts to re-serve Goord and West, and possibly Kunes.  The summonses

---

79).

[3]It appears that the New York State Attorney General's did not respond to this Order by December 31, 2007, as directed, or at any time.  The Court notes, however, that the Assistant Attorney General who had appeared in this matter for the served defendants resigned from the Attorney General's Office at about this time and her replacement did not file a notice of appearance in this matter until February 5, 2008.

[4] There appears to be no logical reason why McGinnis' summons and Marshal Forms, which were mailed by the Marshals Service to Southport, pursuant to N.Y.C.P.L.R. § 312-a and Fed.R.Civ.P. 4(e)(1), should have been returned as unexecuted, unless McGinnis is no longer employed at Southport.

and Marshal Forms for West and Goord were, therefore, directed to "State of NY Dept. of Correctional Services, The Harriman State Campus, 1220 Washington Avenue, Albany, New York 12226-2050."  (Docket No. 79).

Accordingly, this Court finds that there is again "good cause" to extend the time in which plaintiff may serve the amended summons and amended complaint upon Goord, Kunes, McGinnis and West an additional 90 days, Fed.R.Civ.P. 4(m); *see Romandette v. Weetabix*, 807 F.2d 309, 311 (2d Cir. 1986) (interpreting Rule 4(j), the predecessor subdivision to Rule 4(m)); *Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994); *see generally Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57-58 (E.D.N.Y.1999) (collecting cases), and the Clerk of the Court is directed to re-issue amended summonses and cause the United States Marshals Service to re-serve the amended summons and amended complaint on Goord, Kunes, McGinnis and West, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.  The Marshals Service is directed to re-serve the amended summons and amended complaint on these four defendants by forwarding the Marshals Forms, amended summonses and amended complaints on William Gonzalez or his designee, Deputy Counsel, New York State Department of Correctional Services, and Gonzalez is directed to **either** notify Goord, Kunes, McGinnis and West of service of the summons and amended complaint and request that they acknowledge service, **or** provide an address i*n camera* where the U. S. Marshals Service can serve them..

IT IS HEREBY ORDERED that the Clerk of the Court is directed to docket the letter from plaintiff's counsel, dated April 9, 2008, and plaintiff is granted an additional 90 days

to serve the amended summons and amended complaint on defendants Goord, Kunes, West and McGinnis;

FURTHER, that the Clerk of the Court is directed to (1) prepare and re-issue amended summonses for Glenn Goord, Carol Kunes, R.N., Michael McGinnis and Calvin West, (2) prepare the Marshal Forms (USM-285) for service on these defendants, and (3) cause the United States Marshals Service to serve the amended summonses and amended complaints for these four defendants on William Gonzalez, Deputy Counsel, or his designee, New York State Department of Correctional Services, State Office Building, Campus #2, 1220 Washington Avenue, Albany, New York 12226.  Mr. Gonzalez is directed to **either** notify Goord, Kunes, McGinnis and West of service of the summons and amended complaint and request that they acknowledge service, **or** provide an address i*n camera* where the U. S. Marshals Service can serve them.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:      May 1, 2008
            Buffalo, New York